JAMES S. FOX, ADMINISTRATOR, ETC., OF WILLIAM E. CARR, RESPONDENT, *v.* THOMAS B. CARR, APPELLANT.

*Simple contract debts — assets in the State of the debtor's residence — effect of the removal of the debtor after the creditor's death.*

Plaintiff's intestate and defendant were domiciled in North Carolina, where, on the death of the intestate, administrators were appointed, upon whose application the plaintiff was appointed administrator by the surrogate of Ontario county in this State, there being assets of the deceased in said county  This action was brought to recover certain moneys alleged to have been received by the defendant in the lifetime of the deceased and for his use.  The action was commenced by personal service of the summons upon the defendant while he was in this State for a temporary purpose.

*Held,* that although, as a general rule, simple contract debts were assets at the place where the debtor resided at the time of the death of the creditor; yet, as the debtor had voluntarily come into this State and as there was no intent to defraud the North Carolina administrators, and as he had not paid the debt or been sued upon it in North Carolina, the debt became assets in this State and the plaintiff was entitled to sue for the same.

APPEAL from an interlocutory judgment in favor of the plaintiff, entered upon the decision of the court, rendered in a case tried at the Ontario Circuit, without a jury.

The action was brought to recover a claim, resting in simple contract, for certain moneys alleged to have been received by the defendant in the lifetime of the plaintiff's intestate for the use of the latter.  The intestate and the defendant were domiciled in the State of North Carolina, where, on the death of the intestate, letters of administration upon his estate were issued to administrators, who were then, and now are, residents of that State.  Subsequently, there being assets in Ontario county, New York, letters of administration were issued by the surrogate of that county to the plaintiff, on the application of the administrators appointed in North Carolina.  The plaintiff then commenced this action.  It is not expressly stated in the case how the suit was begun; but it is to be inferred from the papers and the arguments of counsel, that the defendant was served personally with a summons, while he was in this State for a temporary purpose.  The moneys, for which the suit is brought, were received by the defendant in this

State and were immediately taken by him to North Carolina, where he then resided and has ever since continued to reside. By the judgment, it was ordered that the plaintiff recover the amount of the claim, to be fixed by a referee appointed for that purpose.

*H. L. Comstock*, for the appellant. The administration in North Carolina is the principal administration, and the administration in this State is ancillary or auxiliary to it. (*Suares* v. *Mayor, etc., of New York*, 2 Sand. Ch., 173; *Churchill* v. *Prescott*, 3 Brad. Sur., 233; *Clark* v. *Clement*, 33 N. H., 563; *Williams* v. *Williams*, 5 Md., 467; *Fay* v. *Haven*, 3 Metc., 109, 114; *Dawes* v. *Head*, 3 Pick., 141; *Stevens* v. *Gaylord*, 11 Mass., 256.) As both the defendant and the plaintiff's intestate resided in North Carolina at the time of the death of the latter, and the money sought to be recovered was not in this State, at the time of the death of the intestate, and never has been since, the money, or the cause of action for its recovery, is assets in North Carolina, and nowhere else. (*Chapman* v. *Fish*, 6 Hill, 554; *Attorney-General* v. *Dimond*, 1 C. & J., 356; *Attorney-General* v. *Hope*, C., M. & R., 580; *Attorney-General* v. *Bouwens*, 4 M. & W., 171; *Parsons* v. *Lyman*, 20 N. Y., 102; *Vaugn* v. *Barret*, 5 Vt., 133, 137; *Sill* v. *Worswick*, 1 H. Black., 690; *Wilkins* v. *Ellett*, 9 Wall., 740; Vin. Abr., Executors, P., 79; Com. Dig., Administrators, A. B.; *Embry* v. *Miller*, 1 A. K. Marsh., 221; *Sedgwick* v. *Ashburner*, 1 Brad. Sur., 106.) The surrogate of Ontario county has no jurisdiction over this demand, and, therefore, he could not confer any title or authority upon the plaintiff to collect or to administer upon it, jurisdiction over which belongs, exclusively, to the courts of North Carolina. (*Lyman* v. *Parsons*, 28 Barb., 564; *Parsons* v. *Lyman*, 20 N. Y., 102; *Lines* v. *Coley*, 1 Red. Sur., 405; *Selectmen of Boston* v. *Boylston*, 2 Mass., 384; *Banta* v. *Moore*, 2 McCarter [N. J.], 97; *Doolittle* v *Lewis*, 7 John. Ch., 45; *Burbank* v. *Payne*, 17 La. An:, 15; *Holcomb* v. *Phelps*, 16 Conn., 127; *Morthband* v. *Wireman*, 3 Penn. R., 185; *Carmichael* v. *Ray*, 1 Rich. [S. C.], 116; Story on Con. of Laws, § 554; *Attorney-General* v. *Dimond*, C. & J., 356; *Attorney-General* v. *Hope*, 1 C., M. & R., 530; *Riley* v. *Mosely*, 44 Miss.,

37; *Anderson* v. *Gregg*, 44 id., 171; Williams on Executors, 261–263; *Attorney-General* v. *Bouwens*, 4 M. & W., 171; *Woolley* v. *Clark*, 5 Barn. & Ald., 744.) The principal administrators appointed in North Carolina, the place of the domicile of the intestate, in the absence of any conflicting administration elsewhere, have the legal title to *all* the personal property of the intestate wherever the same may be. (*Parsons* v. *Lyman*, 20 N. Y., 102; *Petersen* v. *Chemical Bank*, 32 .id., 21; *Wilkins* v. *Ellett*, 9 Wall., 740; *Middlebrook* v. *Merchants' Bank*, 41 Barb., 481; *Same Case on Appeal*, 3 Keyes, 135; *M' Vauters* v. *Elder*, 2 Brevard, 307; *Makepeace* v. *Moore*, 5 Gilman, 474; *Jewett* v. *Smith*, 12 Mass., 309; *Lawrence* v. *Wright*, 23 Pick., 128; *Gayle* v. *Blackburn*, 1 Stew., 429.) Hence, it is that an executor or administrator appointed at the domicile of the testator or intestate, may assign a demand due to the deceased from a debtor residing in another State, provided no letters testamentary or of administration have been granted in the State where such debtor resides. (*Petersen* v. *Chemical Bank*, 32 N. Y., 21; *Middlebrook* v. *Merchants' Bank*, 41 Barb., 281; *Same Case on Appeal*, 3 Keyes, 135; *Lake* v. *Gilchrist*, 2 Dev., 73; *Makepeace* v. *Moore*, 5 Gilman, 474; *Harper* v. *Butler*, 2 Pet., 239; *Hutchins* v. *State Bank*, 12 Metc., 322; *Andrews* v. *Cane*, 26 Miss., 577.) If the defendant should pay this debt to the plaintiff, and procure a discharge from him, such payment and discharge would be no defense to an action by the principal administrators appointed in North Carolina. (*Chapman* v. *Fish*, 6 Hill, 554; *Stone* v. *Scripture*, 4 Lans., 186; *Du Val* v. *Marshall*, 30 Ark., 230; *Crosby* v. *Gilchrist*, 7 Dana, 206; *Moore* v. *Tanner*, 5 Mon., 42; *Kennedy* v. *Kennedy*, 8 Ala., 391; *Willing* v. *Perot*, 5 Rawle, 254.) If the plaintiff should recover judgment in this action, against the defendant, it would be no bar to an action by the principal administrators, prosecuted in North Carolina, to recover the same debt; nor would a judgment in favor of the defendant in this action be binding upon, or afford any evidence against the principal administrators in North Carolina, for there is no privity between them and the plaintiff. (Story on Conflict of Law, § 522; *Stacy* v. *Thrasher*, 6 How. [U. S.], 44; *Aspden* v. *Nixon*, 4 id., 467; *McLean* v. *Meek*, 18 id., 16; *Hill* v. *Tucker*, 13 id., 458; *Low* v. *Bartlett*, 8

Allen, 259; *Ela* v. *Edwards*, 13 id., 48; *Lightfoot* v. *Bickley*, 2 Rawle, 431; *Jones* v. *Jones*, 15 Texas, 463; *Slauter* v. *Chenowith*, 7 Ind., 211; *Dent* v. *Ashley*, 1 Hemp., 54.)

*H. M. Field*, for the respondent. The respondent, by virtue of his appointment by the surrogate of Ontario county, acquired full title to any and all of the personal estate of the intestate; and his title relates back to the death of the intestate, and he, in fact, stands in the place of the decedent. (Redf. on Sur., p. 199; *Valentine* v. *Jackson*, 9 Wend., 302; 3 R. S. [6th ed.], 89, § 6; also, p. 90, sub. 8.) This court has jurisdiction over the person of the defendant. (*Churchill* v. *Prescott*, 3 Bradf., 238; *Shultz* v. *Pulver*, 3 Paige, 182; *Brown* v. *Brown*, 1 Barb. Ch., 217.) The defendant, as a simple debtor to this estate, is estopped from denying the authority of the plaintiff, and cannot attack the title of this administrator collaterally, as the surrogate of Ontario county had jurisdiction to appoint him. (*Farly* v. *McConnell*, 52 N. Y., 630; *Belden* v. *Meeker*, 47 id., 307; *Welch* v. *Administrators*, 53 id., 610; *Vanderpool* v. *Van Valkenberg*, 2 Seld., 190; *Roderigas, as Am'r* v. *East River Savings Institution*, 63 N. Y., 460.)

SMITH, J. :

The single question in this case is whether the claim in suit is assets within this State. If it is, the judgment appealed from should be affirmed; if it is not, the plaintiff, as administrator appointed by a surrogate in this State, has no title to the claim, and for that reason cannot maintain the action.

It may be premised that the succession to the personal property of the plaintiff's intestate, and the distribution of the same among the next of kin, are to be governed by the law of North Carolina, in which State the intestate had his domicile at the time of his death. But the question to be decided is not one of succession or distribution. It is a question whether the New York administrator has power to collect the claim in suit.

It is held, in numerous cases, that simple contract debts (unlike specialties, which are assets where they be) are assets where the debtor resides at the time of the death of the creditor.

The rule, we apprehend, has this extent, that simple contract debts follow the person of the debtor. The object of the rule is to prevent conflicts of jurisdiction. (*Att'y-Gen.* v. *Bouwens*, 4 M. & W., 171.) In Wentworth on Executors, the rule is thus stated: As to specialties, " the law hath been taken, that because the persons of the debtors be moveable, passant and transitory; therefore, these debts shall be said to be and to make *bona notabilia* where the bonds or other specialties be, and not where the debtors inhabit 'and dwell. * * * But in case the debts be only by contract, without specialty, then indeed they are to be esteemed *bona notabilia* there, and in that place where the debtor is." (Phil. ed., 1832, p. 109.) But if, after the death of the creditor, the debtor transfers his domicile to another State or country without having paid the debt, or having been sued for its recovery, it can hardly be doubted but that the demand against him would become assets within the State or county to which he removes. That such would be the case in this State seems to follow from our statute, which provides that a surrogate shall have power to grant letters of administration where an intestate, not being an inhabitant of this State, shall die out of the State, not having assets therein; but assets of such intestate shall thereafter come into the county of such surrogate. (2 R. S., 73, § 23, subd. 4.)

We think it very clear that if the defendant had removed his domicile to this State, the debt owing by him, not having been paid or sued upon in North Carolina, would have become assets in this State, so that the surrogate of the county in which he took up his domicile would have had jurisdiction to grant letters under the statute referred to. What difference does it make, so far as the question of jurisdiction is concerned, that he came into this State without the intention of changing his domicile? He thereby voluntarily subjected himself to the courts of this State. Jurisdiction over the demand owing by him to the estate had not been exercised in North Carolina. He had not paid the debt, nor had he been sued upon it. The case was as completely within the letter of the statute above referred to, as if he had removed permanently. Was it not within its meaning? Suppose he had been in this State several years for a temporary purpose, without the

intention of making his domicile here, would not the claim have been assets here, notwithstanding his domicile continued to be in North Carolina? If not, he could successfully avoid paying the debt as long as he should choose to remain here, unless there should be other assets in this State; for foreign administra▓ cannot sue in our courts without taking out letters here, and▓ surrogate in this State can grant letters, without assets in his county, upon the estate of a deceased person, not an inhabitant of his county, dying without the State. (2 R. S., 73, § 23; see *Hollister* v. *Hollister*, 10 How. Pr. R., 532.) If the stay of the defendant in this State, for a temporary purpose, however protracted, could have the effect to make the claim against him assets here, the length of his stay is immaterial. It is enough that he is within the State a sufficient length of time to be sued by an administrator of the estate duly appointed here, and that such suit is actually brought in good faith. We have not been referred to any case, and are not aware of any, in which the precise question before us has been adjudged. The result of such examination as we have been able to give to the subject is, that the claim in suit was assets in this State, the defendant not having paid it or been sued upon it in North Carolina or elsewhere, at the time when the plaintiff took out letters here and commenced the present action.

This result involves no conflict of jurisdiction. If the views above expressed are correct, the claim in suit ceased to be assets in North Carolina and became assets here by the voluntary act of the debtor in coming into this State, followed by suit, brought in good faith, against him here. Being assets in New York and not in North Carolina, a judgment in favor of the administrator here will be a bar to a future action by the administrators in the latter State.

As has already been suggested, the case would have been different if the defendant had paid the claim to the administrators in North Carolina, or had been sued by them. (*Stevens* v. *Gaylord*, 11 Mass., 256.) So, also, it would be materially different if the debtor had left North Carolina and had come into this State with the intent to defraud the North Carolina administrators. In such case, a recovery here would not bar an action against the

debtor in North Carolina. But in the present case, no fraud upon the administrators in North Carolina is, or can be, suggested. The plaintiff was appointed administrator here upon the application of the administrators in North Carolina, and that fact warrants presumption that this action was brought with their concurrence. Under chapter 403 of the Laws of 1863, letters of administration may be granted in this State to administrators appointed in à foreign domicile, or to any person or persons authorized by them to receive the same.

The rights of creditors in North Carolina cannot be invoked by the defendant, for several reasons. In the first place, those creditors, if any there be, are represented by the administrators in that State, and are to be held to have concurred with them in the bringing of this action. In the next place, the right of creditors in that State will not be prejudiced by a recovery here. The administration in New York is ancillary to that in North Carolina, the latter being the domicile of the intestate at his death. If there are no legal claimants in this State, in the character of creditors or next of kin, the administrator here will be bound to remit the assets collected by him to the administrators in North Carolina, to be by them administered according to the law of the intestate's domicile. (2 Kent's Com., 434.) If there are creditors here, it will probably be his duty to apply the assets in his hands to their payment, but that will work no injustice to foreign creditors. If the estate be solvent, all will be paid in full ; if not, the proper course would seem to be to pay the creditors here, *pro rata*, having regard to all the assets, and the whole amount of debt here and abroad (*Dawes* v. *Head*, 3 Pick. R., 128; 2 Kent's Com., 434.) And in either case, it would seem that the surplus should be remitted to the principal administrators for distribution, unless in the exercise of judicial discretion it shall be thought that the circumstances of the case require that it be distributed here. (*Harvey* v. *Richards*, 1 Mason, 403; *Parsons* v. *Lyman*, 20 N. Y., 103; *Despard* v. *Churchill*, 53 id., 192.) What circumstances bearing upon that question may appear when the question of distribution shall come up before the proper tribunal, we cannot anticipate. It is enough that nothing now appears which would require the surplus to be

retained here, and the existence of facts of that nature cannot be assumed in order to defeat the present action.

The suggestion of the appellant's counsel that his client has a defense to the claim in suit, growing out of transactions in North Carolina, is foreign to the question. Whatever defense he may have will be available to him in this action, and the circumstance that he will be subjected to the inconvenience of going to a foreign State for testimony is no answer to the plaintiff's suit. In fine, the defendant, who confessedly owes the debt, stands as a mere volunteer in behalf of the foreign administrators and the creditors represented by them, with whose consent, presumptively, this action is brought.

The judgment should be affirmed, with costs of appeal.

MULLIN, P. J., and TALCOTT, J., concurred.

*Judgment* affirmed, with costs of appeal.